# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>PAYTON CONSTRUCTION CORPORATION,<br><br>　　　　　　　　　　Debtor<br><br>―――――――――――――――<br><br>UNITED STATES FIDELITY AND GUARANTY COMPANY,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>THE MALDEN YOUNG MEN'S CHRISTIAN ASSOCIATION,<br><br>　　　　　　　　　　Defendant | Chapter 11<br>Case No. 07-11522-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 07-1340 |

### MEMORANDUM OF DECISION ON ABSTENTION

On October 30, 2007, this Court issued an order to show cause why it should not abstain from adjudicating this adversary proceeding. The Plaintiff opposes abstention, but the Defendant, who does not consent to this Court's adjudicating any matter herein that is not a core proceeding, favors abstention. For the following reasons, the Court will abstain.

First, while the complaint is related to the present bankruptcy case, it is not a core proceeding. The fact that the defendant has filed a proof of claim in the case does not convert the plaintiff's claims in this proceeding into core proceedings.[1] Because the claims are not core and the defendant does not consent to this Court's entering final judgment in the matter, the Court could, at most, enter only proposed findings and conclusions that would be subject to review *de*

---

[1] Non-core claims by *the estate* against a creditor do become core claims when the creditor files a proof of claim in the case. See 28 U.S.C. § 157(b)(2)(C) (core proceedings include "counterclaims *by the estate* against persons filing claims against the estate" (emphasis added)). The same is not true of non-core claims by parties who are not, and do not represent, the estate.

*novo* in the District Court. See 28 U.S.C. § 157(c)(1). Judicial economy favors trying the matter once, to a final judgment, in a court having jurisdiction to enter a final judgment.

Second, the matter is not of urgency to a reorganization in prospect. The Debtor at best hopes here to file a liquidating plan, its hopes of reorganization having faded, and (from the statements made at the hearing concerning abstention) the estate may not have sufficient funds even to justify that effort. Nor is it clear that this matter could be resolved here sooner than in state court, especially where the Court's determinations would be subject to review *de novo* in the District Court. Third, the matters in issue are entirely matters of state law, not matters requiring bankruptcy expertise; absent a special bankruptcy purpose, comity would counsel in favor of their going to state court. Fourth, the adjudication of nonbankruptcy issues in the bankruptcy court reduces the time and resources available to the Bankruptcy Court to handle those matters within its core jurisdiction, a not inconsiderable factor in a case such as this one, where complex litigation appears to be part of the debtor's ordinary course of business.

For all these reasons and pursuant to 28 U.S.C. § 1334(c)(1), the Court will enter a separate order of abstention and dismissal.

Date: November 26, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc: Scott Spearing, Esq., for USF&G
Douglas Rosner, Esq., for Malden YMCA
Charles A. Roberts, Esq., for Limbach Company LLC